DECISION AND JOURNAL ENTRY
Defendant, Robert Pate, has appealed from his conviction by the Medina Municipal Court for threatening domestic violence. We affirm.
On November 29, 1999, a complaint was filed against Defendant alleging domestic violence, in violation of R.C. 2919.25(C). Defendant pled not guilty to the charge and the matter was tried to the bench. The trial court found Defendant guilty of domestic violence and sentenced him accordingly. Defendant timely appealed and has raised two assignments of error for review. Appellant's assignments of error shall be addressed concurrently for ease of review.
 ASSIGNMENT OF ERROR I The trial court erred in not granting Defendant's Criminal Rule 29 motion inasmuch as the State of Ohio failed to establish each and every element of the offense of threatening domestic violence, in violation of 2919.25(C).
 ASSIGNMENT OF ERROR II The trial court erred at the conclusion of the case and submission of all evidence by not acquitting the Defendant of threatening domestic violence in violation of R.C. 2919.25(C).
 In his assignments of error, Defendant has argued that his conviction for threatening domestic violence was insufficient as a matter of law and thus, the trial court erred in failing to grant his Crim.R. 29 motions for acquittal. We disagree.
The Supreme Court of Ohio articulated the following standard of review to determine the sufficiency of the evidence in the case of a conviction:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d 380, 386; State v. Feliciano (1996), 115 Ohio App.3d 646, 652-53.
R.C. 2919.25(C) states: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." The trial court could have found that the State met its burden of proof by establishing guilt beyond a reasonable doubt for the count as charged.
The victim in this case testified that she and Defendant argued over the phone over child support. She further testified that during this argument Defendant stated:
 that he will kill me. I will really kill you. If I have to pay you a penny more that (sic.) that $200, and they will have to prove I did it. And if that doesn't work, I will take all my money, quit my job, and run where they'll never find me.
 Defendant then hung up on the victim. The victim further testified that Defendant owned a gun and that Defendant had previously threatened her life on one occasion. The victim testified that following the threat she was in great fear for her own life and the life of her child.
Defendant has argued that the victim could not have been in fear of imminent harm because she waited until the following morning to report the matter to the police. He further argued that this delay indicates that she fabricated the story after having time to think about the matter. However, at trial the victim testified that she was so afraid of Defendant that she locked all of her doors and windows, closed all of the blinds and drapes, and hid in a corner of the living room with her infant son where she believed that Defendant would not be able to see them. She further testified that she was so paralyzed with fear that she was unable to sleep that night. Officer John Huff testified that the victim reported that Defendant had threatened her life and that her appearances were consistent with one who was very upset and had not slept. Taking all of this evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra.
Defendant's assignments of error are without merit and the judgment of the trial court is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., WHITMORE, J., CONCUR